

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ESTATE OF RONNY O. THORNTON, DECEASED,
BY AND THROUGH EXECUTOR, JOE A. THORNTON,
AND NEXT FRIENDS, CHRISTOPHER THORNTON
AND CODY THORNTON                                    PLAINTIFF

VERSUS                         CIVIL ACTION NO. 3:13cv620 DPJ-FKB

RANKIN COUNTY, MISSISSIPPI
JOHN DOES 1-10                                       DEFENDANTS

## COMPLAINT

### JURY TRIAL DEMANDED

COMES NOW the Estate of Ronny O. Thornton, Deceased, by and through Executor, Joe A. Thornton and next friends, Christopher Thornton and Cody Thornton (hereinafter "Plaintiff"), by and through his attorneys, and brings this action against Rankin County, MS and John Does 1-10 who are officers, personnel, and supervisory officials of the Rankin County, Mississippi jail, whose identity can be known only after discovery is conducted. This is an action to recover actual and punitive damages for use of excessive force and unreasonable seizure of a person in violation of the Fourth and Fourteenth Amendments of the United States Constitution. The actions of the Defendants constitute violations 42 U.S.C. Section 1983, particularly the Fourth and the Fourteenth Amendment of the United States Constitution.

### INTRODUCTION

1.   This action is authorized and brought under Title 42 U.S.C.A. Section 1983 for violations of the Plaintiff's Fourth and Fourteenth Amendment rights.

## JURSIDICTION AND VENUE

2.  The Court has civil rights jurisdiction of the parties and of the subject matter in this action under Title 28 U.S.C.A. Section 1343 and Title 42 U.S.C.A. Section 1331. Venue is proper in the Court pursuant to Title 28 U.S.C. Section 1391.

## PARTIES

3.  Plaintiff is the Estate of Ronny O. Thornton by and through estate's executor and next friends. The executor of the Estate of Ronny O. Thornton is the natural brother, Joe. A. Thornton. Joe A. Thornton is an adult citizen who resides at 1000 Cobblestone Place, Brandon, Mississippi 39042. The next friends are Christopher Thornton and Cody Thornton, both of whom are the surviving sons of Ronny O. Thornton. Christopher Thornton and Cody Thornton are adult citizens who reside at 1000 Cobblestone Place, Brandon, Mississippi 39042. Ronny O. Thornton, deceased, was an adult resident citizen of 618 Jerusalem Church Road, Brandon, Mississippi 39042. Ronny O. Thornton was a construction worker who was 50 years old at the time of his death.

4.  Defendant, Rankin County, Mississippi, is a municipal entity, organized and existing under the laws of the State of Mississippi. Defendant Rankin County may be served with process of this Court by Service upon the Rankin County Board of Supervisors in care of Mr. George Bobo, County Administrator, at 211 East Government Street, Suite A, Brandon, Mississippi 39042. Defendant Rankin County is charged with the duty to supervise, manage, and control its Sheriff's Department and its jail to prevent the violation of the civil rights of its citizens.

5.  Defendants John Does 1-10 are individuals, officers, and managers of the Rankin County Detention Center and/or entities whose identities are presently unknown to Plaintiffs, but who are believed to have been acting under color of state law at times relevant to this action, and whose actions and/or inactions were in violation of Plaintiff's rights and whose actions or inactions resulted in injuries and

damages to Plaintiff as alleged herein. These Defendants will be served with process at a later time after discovery to determine their identity.

## FACTS

6. On or about September 10, 2010 Ronny O. Thornton was incarcerated at the Rankin County Detention Facility, Brandon, Mississippi. Ronny O. Thornton was being held on a three million dollar bond for violating a Rankin County Justice Court Order. Ronny O. Thornton was in otherwise good health and taking medication for blood pressure. Ronny O. Thornton was examined upon incarceration and informed jail officials of current medications prescriptions and medical conditions.

7. Medications were recorded by prison officials as "percecet, diazopan, and meds for HBP and cholesteral". Jail officials also recorded that Ronny O. Thornton was allergic to "codine" and recorded medications were for "4 back surgerys and damage to neck". Jail officials also recorded Ronny O. Thornton had a medical "disability".

8. Ronny O. Thornton was originally placed in general population in the Rankin County Detention Facility. Ronny O. Thornton was later moved to a solitary cell outside of the prison population on or before October 4, 2010.

9. Ronny O. Thornton was again medically examined at the Rankin County Detention Facility on October 4, 2010 and reported to be in otherwise good health but still on medications.

10. On October 6, 2010, Ronny O. Thornton died at the Rankin County Correctional Center. At all times of Ronny O. Thornton's incarceration, he was under the control and protection of Rankin County, Mississippi. Photos taken at the morgue subsequent to Ronny O. Thornton's death reveal lacerations and bruising to the face, leg, hip, arms, and hands of Ronny O. Thornton.

11. Witness accounts reveal Ronny O. Thornton was not provided the needed or proper medication and treatment for his reported medical conditions. Witness

accounts reveal an officer approached and screamed at Ronny O. Thornton prior being removed to a solitary cell. Witness accounts reveal the officer called Ronny O. Thornton a "motherfucker" in a very loud voice and told Ronny O. Thornton he would not be able to talk anymore. Witness accounts reveal Ronny O. Thornton turned red in the face and appeared sick. Witness accounts reveal Ronny O. Thornton was removed to a solitary cell and died a few days later.

12. Photographs taken of Ronny O. Thornton at the morgue reveal visible lacerations and bruising that are consistent with a brutal assault. These lacerations and bruising were not reported by the medical examination less than two days prior. These lacerations and bruising were caused after Ronny O. Thornton was placed in a solitary jail cell.

13. Ronny O. Thornton's death was the result of lack of protection to include improper medical treatment and a brutal assault to his body. These actions triggered and resulted in Ronny O. Thornton having heart failure and having an untimely death.

14. An autopsy was performed by Rankin County officials and the Rankin County, DMEI reported the cause of death of Ronny O. Thornton to be cardiovascular disease. Rankin County Sheriff Department officials reported these lacerations and bruising were the result of Ronny O. Thornton falling from his bed inside his cell while in a solitary cell.

15. The Defendants' actions and inactions violated the Plaintiff's right to be free from state-occasioned damage to his bodily integrity which are protected by the Fourth and Fourteenth Amendment's guarantees of due process and equal protection.

## CAUSES OF ACTION

### COUNT 1

**VIOLATION OF FOURTH AMENDMENT PROTECTION AGAINST EXCESSIVE FORCE**

16.     Plaintiff re-alleges the allegations of Paragraphs 1-15 of this Complaint as if fully set forth herein.

17.     If law enforcement officers use excessive force while a person is in custody, the Fourth Amendment guarantee against unreasonable seizure is implicated. At all times during Plaintiff's incarceration, Defendants had a duty under the Fourth Amendment of the U.S. Constitution to refrain from the use of excessive force while Plaintiff was in custody.

18.     Plaintiff suffered from visible lacerations and bruising after being placed in a solitary cell by Rankin County law enforcement officers. These lacerations and bruising were consistent with a brutal assault. This brutal assault was a causal link to Plaintiff's heart failure that resulted in death.

19.     Defendant Rankin County failed to adequately train Defendant John Does in proper detention procedures so as to insure that Defendant John Does did not violate the rights of a citizen to be free from the excessive use of force under the Fourth Amendment to the U.S. Constitution.

20.     Defendant Rankin County failed to adequately supervise Defendant John Does in order to insure that Defendant John Does did not violate the rights of citizens by using excessive force.

21.     As a direct and proximate result of one or more of the said wrongful acts or omissions to act of Defendants, Plaintiff suffered severe injury to his person, pain, suffering, and other injuries and damages, and ultimate death, which shall be proven at trial.

## COUNT 2

### VIOLATION OF FOURTH AMENDMENT-RECKLESS INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS

22.     Plaintiff re-alleges the allegations of Paragraphs 1-21 of this Complaint as if fully set forth herein.

23.   Defendants failed to assure that Plaintiff received appropriate medical treatment while incarcerated was in further violation of Plaintiff's rights under the Fourth Amendment to the U.S. Constitution to be free from reckless indifference to his serious medical needs.

24.   Defendant Rankin County failed to adequately train Defendant John Does in proper detention procedures to insure that Defendant John Does did not violate the rights of the Plaintiff to be free from reckless indifference to serious medical needs.

25.   Defendant Rankin County failed to adequately supervise Defendant John Does in order to insure that Defendant John Does did not violate the rights of a citizen when being incarcerated and to insure that incarcerated citizens receive adequate medical attention when needed.

26.   As a direct and proximate result of one or more of the said wrongful acts or omissions to act by Defendants, Plaintiff suffered severe and permanent injury to his person as well as pain, suffering, disability, mental anguish, humiliation, other injuries and ultimate death.

## COUNT 3

### VIOLATION OF FOURTEENTH AMENDMENT GUARANTEE OF DUE PROCESS

27.   Plaintiff re-alleges the allegations of Paragraphs 1-26 of this Complaint as if forth herein.

28.   The right to be free from state-occasioned damage to a person's body is protected by the Fourteenth Amendment's due process guarantees.

29.   At all times material to this action, the Defendants had a duty under the Fourteenth Amendment to the U.S. Constitution to refrain from the use of excessive force while Plaintiff is in Defendants' custody.

30.   Despite the fact that Plaintiff was in the custody of the Defendants, the Plaintiff received lacerations and bruising on his entire body while Plaintiff was confined to a solitary jail cell.

31.     A person's right to be free from unlawful assault by a law enforcement officer when lawfully in custody is a definite and specific due process right that is guaranteed by the Fourteenth Amendment of the U.S. Constitution.

32.     Defendant John Does violated Plaintiff's constitutionally protected due process rights when they used excessive force that resulted in the lacerations and bruising that occurred to Plaintiff while in a solitary jail cell.

33.     Defendant Rankin County failed to adequately train Defendant John Does in proper detention procedures so as to insure that Defendant John Does did not violate the rights of a citizen to be free from the excessive force under the Fourteenth Amendment to the U.S. Constitution.

34.     Defendant Rankin County failed to adequately supervise Defendant John Does in order to insure that Defendant John Does did not violate the rights of a citizen by using excessive force when incarcerating citizens.

35.     As a direct and proximate result of one or more of the said wrongful acts or omissions to act by Defendants, Plaintiff suffered severe injury to his person, pain, suffering, disability, mental anguish, humiliation, other injuries, and ultimate death.

## COUNT 4

### MONETARY CLAIM AGAINST DEFENDANT RANKIN COUNTY

36.     Plaintiff re-alleges the allegations of Paragraphs 1-35 of this Complaint as if fully set forth herein.

37.     Defendant Rankin County is a municipal entity organized and existing under the laws of the State of Mississippi which operates, administers, maintains, and controls the Rankin County Sheriff's Department as one of its executive branches.

38.     The Rankin County Sheriff's Department controls the Rankin County Detention Center.

39.     Defendant Rankin County has established policies and procedures for its Sheriff's Department regarding the use of force in detaining suspects, and regarding the provision of medical service to detainees and prisoners.

40.     In establishing these procedures, Defendant Rankin County had a duty under the Fourth and Fourteenth Amendments to the U.S. Constitution to refrain from enforcing or continuing in effect policies and procedures that created a substantial likelihood that detainees and prisoners would be subjected to the use of excessive force by Rankin County law enforcement or detention center personnel, or policies and procedures which created a substantial likelihood that the serious medical needs of detainees or prisoners would go untreated or would be treated with reckless indifference by its agents, servants and employees employed by the Rankin County Sheriff's Department.

41.     Notwithstanding its duties, Defendant Rankin County was guilty of one or more of the following wrongful acts or omissions to act in violation of the Plaintiff's Constitutional rights, in that it:

   A.     Allowed policies and procedures to continue in force and effect which resulted in the use of excessive force against the Plaintiff.

   B.     Had a custom or practice of failing to independently and adequately investigate complaints of excessive force.

   C.     Had a custom and practice of failing to effectively discipline or retrain officers who wrongfully utilized excessive force.

   D.     Failed to establish appropriate policies and procedures to address and correct the repeated use of excessive force by prison officials in detaining suspects.

   E.     Allowed the continuance in force and effect of policies and procedures which failed to protect detainees who had sustained injury from the reckless indifference of County agents, servants, and employees in its Sheriff's Department to their serious medical needs.

42.    As a direct and proximate result of one or more of the foregoing wrongful acts or omissions to act by Defendant Rankin County, Plaintiff sustained violations of his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, severe injury to his person, pain, suffering, disability, mental anguish, humiliation, other injuries, and ultimate death.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS** that the Court cause service to issue in this cause upon the Defendants and that this matter be set for trial by jury. Plaintiff demands judgment against Defendants, Rankin County and John Does 1-10, for their wrongful violations of Plaintiff's Fourth and Fourteenth Amendments to the U.S. Constitution, in the amount of Two million and NO/100 ($2,000,000) Dollars for compensatory damages, punitive damages in an amount sufficient to deter such wrongful conduct in the future, plus attorney fees and costs.

This the 4th day of October 2013.

Respectfully submitted,

Estate of Ronny O. Thornton,
Plaintiff

By: _____
Philip H. Neilson, MSB 3798
Attorney for Plaintiff


OF COUNSEL:

Neilson Law Office
P.O. Box 1860
Oxford, MS 38655
662-832-8070
attorneyhalneilson@gmail.com